IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                  CRIMINAL ACTION NO. 1:96cr37WJG-5
                                                                              CIVIL ACTION NO. 1:04cv78WJG

CHRISTOPHER MONTGOMERY
a/k/a Knowledge

O R D E R

THIS CAUSE comes before the Court on Petitioner Christopher Montgomery's motion [283] for a certificate of appealability (COA). Montgomery outlines several arguments within this motion, including his request to void the Court's judgment[1] under the Federal Rules of Civil Procedure Rule 60(b)(4) for failing to address a claim. The standard for issuing a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Cotton v. Cockrell*, 343 F.3d 746, 749 (5th Cir. 2003). Montgomery must show that his motion "raises issues that are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." *Barefoot v. Estelle*, 463 U.S. 880 (1983). The Court has reviewed all relevant allegations within its Memorandum Opinion and Order entered in this cause on February 6, 2006. (Ct. R., Doc. 238.) The Court cannot certify that the appeal in this case is taken in good faith. *Id.* Particularly, Montgomery fails to understand the applicability of Federal Rules of Civil Procedure Rule 60(b)(4). Moreover, after yet another review Montgomery's claims, the Court finds that they are without merit.

---

[1] Ct. R., Doc. 282

In an previous motion Montgomery wrote, "The Government failed to address the original *Apprendi*[2] claim that led to an involuntary and unintelligent plea.  The Government must address all claims in the *habeas* petition.  Because the Court never addressed or ruled on this additional *Apprendi* issue, the Defendant's judgment is void."  (Ct. R., Doc. 279).  Here, Montgomery again writes, "If the Court failed to address one of the Defendant's claims the judgment is void.  The Court should have treated the Motion as what it stated and was, a true 60(b)(4) not a successive 2255 or a reconsideration of the 2255."  (Ct. R., Doc. 283).  Again, Montgomery explains that this present motion is a "60(b)(4) motion (See Ex 1) to void the judgment of his 2255."  (Ct. R., Doc. 283).

Montgomery's argument illustrates a misunderstanding of Rule 60(b)(4) of the Federal Rules of Civil Procedure.  The Rule states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void."  FED. R. CIV. P. 60(b)(4).  This rule is a procedural mechanism for providing relief from void judgments.  *Rockwell Int'l Corp. v. K.N.D. Corp.*, 83 F.R.D. 556, 559 (N.D. Tex. 1979).  When assessing whether a judgment is void, the court is without discretion – a judgment is void or not void.  *Id*.  Moreover, "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted."  *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979).

As stated, judgments are rarely set aside as being void.  A judgment is not void solely on the basis of being erroneous.  *New York Life Ins. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996).  A judgment is only void where the court that rendered it (1) lacked subject matter jurisdiction, (2) lacked jurisdiction of the parties, or (3) violated due process.  *Id*.  In Montgomery's case, there is

---

[2] 530 U.S. 466 (2000).

nothing to suggest that the Court's judgment on his section 2255 petition is void on any of these grounds.  Montgomery has also alleged, that his due process rights were violated during his plea agreement and sentencing.  He specifically argues that this Court has failed to address one of the claims concerning a violation of his due process rights.  Given the seriousness of the allegation, this Court will once again consider the issue.

Montgomery is correct in stating that the court should address all claims raised in a *habeas* petition.  Courts are called to make detailed factual findings of a petitioner's substantial allegations; such findings are needed by the Court of Appeals to make informed decisions concerning the allegations.  *Harris v. Beto*, 367 F.2d 567, 568 (5th Cir. 1966).  Montgomery argues that the Court failed to address his claim that his guilty plea was given unintelligently and involuntarily.  He explains that that plea was based on a misunderstanding of *Apprendi*, and that it was this misunderstanding that led to the plea being made unintelligently and involuntarily.

A guilty plea's validity "may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal."  *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).  A plea's validity will only be drawn into doubt where the defendant (1) gave the plea on the constitutionally defective advice of counsel, or (2) could not have understood the terms of the bargain between himself and the prosecution.  *Id*.  Contrary to Montgomery's belief, this Court has already considered both of these issues in a previous order.  (Ct. R., Doc. 238.)  Before re-addressing them, however, the Court notes that Montgomery's plea agreement contained an unambiguous waiver of his right to appeal his conviction/sentence or contest his conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 203).  It should also be noted that the statute of limitations for challenging the Court's decision on section 2255 grounds has expired.  FED. R. CIV. P. § 2255(f).

Montgomery argues that his counsel was ineffective with respect to his sentencing.  In

short, he argues that he would not have pleaded guilty if he had known that he could receive a sentence of 20 years imprisonment. (Ct. R., Doc. 223). But, where a sentence is proper, the defense counsel is not ineffective for not challenging it. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000). It is therefore necessary to examine the second prong of the *Bradshaw* analysis – whether Montgomery understood the terms of the bargain between himself and the prosecution. 545 U.S. at 186. There is ample evidence showing that Montgomery fully understood the conditions of his plea.

> As previously stated by this Court,
>
> First, the Memorandum of Understanding plainly states that the penalty that may be imposed is not more than 20 years. (Ct. R., Doc. 203, ¶ 7). Second, the affidavit submitted by Montgomery's counsel attests that Montgomery was told numerous times prior to his agreeing to the plea, at the time of agreeing to the plea, and prior to his sentencing that the penalty that may be imposed is not more than 20 years. (Ct. R., Doc. 221, ¶¶ 8, 11). Third, in his traverse, Montgomery attached as evidence of his claims a letter from his counsel to the probation officer contesting the pre-sentence report wherein the letter affirmatively stated that Montgomery "is subject to a maximum penalty of 20 years and not a base level of 38." (Ct. R., Doc. 223, attached letter, p. 2, ¶ 1). Fourth, the Court plainly asked Montgomery if he fully realized that the Court could sentence him to imprisonment not to exceed 20 years, to which Montgomery responded, "Yes, sir." (Ct. R., Doc. 219, p. 12). Finally, the record is devoid of any evidence that Montgomery was not aware or was mislead about the penalty he faced.

(Ct. R., Doc. 238, pp. 3-4).

Montgomery has failed to demonstrate that his attorney provided ineffective assistance. He has also failed to show that he did not understand the charge to which he plead guilty. His plea, therefore, was given voluntarily and intelligently. *Bradshaw*, 545 U.S. at 186. It is, therefore,

ORDERED that Montgomery's motion [283] for COA seeking to void the judgment against him pursuant to rule 60(b) and 28 U.S.C. § 2255 be, and is hereby, denied. It is further,

ORDERED that this cause be, and is hereby, dismissed with prejudice.

SO ORDERED, this the 28th day of June, 2011.

                                        *Walter J. Gex III*
                                UNITED STATES SENIOR DISTRICT JUDGE